GUILLERMO ATILES MORÉU, MANAGER OF THE STATE INSURANCE FUND, Petitioner, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, ETC., and AGUSTÍN ARROYO SÁNCHEZ, Respondents.

No. 427.  Argued April 3, 1950.—Decided April 27, 1950.

*Angel de Jesús Matos, Carlos N. Souffront, M. Maldonado Pacheco, J. C. Ramos Vázquez,* and *Luis Muñoz Alvarez,* for petitioner.

The respondent workman did not appear.

MR. CHIEF JUSTICE DE JESÚS delivered the opinion of the Court.

More than twenty years ago the workman Agustín Arroyo Sánchez suffered a labor accident.    His employer at that time, Guánica Central, was its own insurer and paid him $111.50 as compensation for the permanent partial disability which the workman suffered in his left hand.    On April 16, 1948, the workman suffered another accident in the same hand increasing his disability.    The State Insurance Fund, applying subdivision 4 of § 3, of Act No. 284 of May 15, 1945 (Sess. Laws, p. 1036)[1] decided that the compensation which he received for

[1] Subdivision 4 of § 3 of Act No. 284 of May 15, 1945, insofar as pertinent provides:

"Section 3.—Every workman or employee who suffers an injury or an

his pre-existent disability should be deducted from the compensation to which he was entitled due to the total disability resulting therefrom. The Industrial Commission reversed the decision of the Manager of the State Fund whereupon the latter took the present appeal.

■■ The decision of the Commission rests primarily on the following reasoning:

"At the time that the workman suffered his first accident, there existed in Puerto Rico what was called the free concurrence in the workmen's insurance, that is, there existed the State Insurance Fund in competition with private insurance companies and employers which chose to be their own insurer after furnishing bond. In the case of an employer being its own insurer, the employer itself paid for both the medical service and the compensation, the contract being executed between the employer and the injured workman subject to the approval of the Industrial Commission.

". . . . . . . . .

"If such was the situation—and in this specific case the pre-existent disability was paid by the Guánica Central, an employer who was its own insurer—we do not see the reason why the amount of compensation that this employer paid to the workman more than twenty years ago should now be refunded to the State Fund which was created by a subsequent statute.

"The State Fund would be enriching itself at the expense of the Guánica Central. We say this, because the State Fund, we repeat, paid nothing to this workman.

"The Act in force could not contemplate such a situation. The Legislature in speaking of pre-existent disabilities, must have had in mind those which arose under the law in force. It could be argued that the workman would be benefited thereby inasmuch as he recovered from the Guánica Central for his

occupational disease under the conditions specified in this Act, as established in Section 2, shall be entitled:

"Pre-existent disabilities:

". . . . but in those cases where a workman suffers the aggravation or augmentation of a pre-existent disability caused by a former accident for which he received the corresponding compensation, there shall be deducted from the compensation to which he may be entitled due to the total disability resulting therefrom, the amount of the compensation which he received for his pre-existent disability; . . . ."

former disability and is now going to receive total compensation from the State Fund, and we ask ourselves, according to the spirit of the law, which side should we take, to benefit the State Fund or to benefit the workman? The answer is quite obvious. The benefit should go to the workman. And by doing this we are in no way going against the interests or risking the solvency inasmuch as the State Fund in this case did not pay a single cent to the workman, but it was the Guánica Central, at that time, its own insurer, who paid the compensation."

We disagree with the opinion of the Industrial Commission. The cited Section does not establish the distinction that the Commission now maintains. If we should interpret the statute as sought by the Commission, we would find that if the workman who suffered the former accident was at the time fortunate enough to be working for an employer who was its own insurer or who was insured with a company, he would receive total compensation, while if at that time he were working for an employer insured with the State Insurance Fund, upon suffering another injury, the amount which he received for the former disability would be deducted from the compensation for the total disability. It was not the legislative intent to create privileges in favor of some workmen that could not be extended to others. In addition, in making the deduction provided by law, we are not depriving the workman of anything to which he is really entitled, for his pre-existent liability was compensated by the former award paid to him. If this deduction were not made the workman would be receiving double compensation for part of his disability, the one caused by the former accident. We rather prefer to obviate any discrimination and that the amount deducted should go to the State Fund for the benefit of all the workmen including the one from whom the deduction is made.

In our opinion the theory of the Manager of the State Fund is correct and should be sustained. The decision of the Industrial Commission of Puerto Rico will be reversed.